## NELSON COCHRANE *vs.* INHABITANTS OF MELROSE.

Middlesex. January 19, 1877. MORTON & ENDICOTT, JJ., absent.

A member of a committee, appointed by a town to build a town hall, may maintain an action against the town for money expended by him in the performance of such duty.

CONTRACT on an account annexed for services rendered and money expended as a member of a committee for building a town hall. The fourth item was, "To cash paid for car fare, advertisement and bills, $20.00." The other items were for work performed and services rendered.

At the trial in the Superior Court, before *Putnam*, J., it appeared in evidence that the defendant town, at a legal meeting, passed this vote: "That the sum of sixty-five thousand dollars be hereby appropriated from the town treasury for the purchase and removal of such property as may be deemed advisable from or near the town lot, and for the erection of a town hall upon said lot, and that George W. Heath, George F. Stone, Nelson Cochrane, F. S. Hesseltine and George Hart be a committee with full powers to purchase and remove such property, and

to erect said town hall upon the town lot, and the town treasurer is hereby authorized to issue bonds in the name of the town to defray the expense of this appropriation, and said building committee shall have authority to draw upon the town treasurer from time to time for the proceeds of said bonds to enable them to carry out, in good faith and with a careful regard for the highest interests of the town, the purposes of this vote."

The plaintiff, who was one of the committee, offered to show that he procured plans and specifications for the new hall; that he went and surveyed the land upon which a building was to be placed, which stood upon land purchased by the committee for the town hall; that he was engaged in buying and selling old buildings and fences, and in negotiating for the purchase of a lot upon which to remove the old building; that he paid the amount of car fare stated in his account annexed, in going to and fro between Melrose and Boston, to consult with the architects; that he labored personally in clearing about the new town hall, and that he surveyed and graded the land about it; that he superintended the building of the new hall, and was in consultation with and advised the architects and contractors; and that all this was done by him at the request and under the instructions of a majority of the committee.

The plaintiff did not contend that there was any vote of the town, authorizing him to be paid for these services, or any implied contract that he should be paid, unless one was to be implied from the said vote, and from the facts offered to be proved. He further offered to show that it was the uniform usage of the town, since its organization, May 3, 1850, to pay committees for similar services, and that the plaintiff had been for several years an engineer and surveyor by profession.

The judge, being of opinion that, as matter of law, the plaintiff could not recover, even if the facts were as alleged, it was agreed that a verdict might be taken for the defendant, and the case reported for the consideration of this court. If the plaintiff could not recover, judgment was to be entered upon the verdict; if he could recover upon any or all of the items, the case was to stand for trial.

*C. P. Judd*, for the plaintiff, was not called upon.

*F. S. Hesseltine*, for the defendant.

By THE COURT. The report is not so drawn as to present for decision the principal question which the parties apparently intended to raise. But upon the item of money expended, at least, the evidence does not show that as matter of law the plaintiff cannot maintain the action; and therefore, by the terms of the report, there must be a                                     *New trial.*